UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY P. CATANZARO,<br><br>                         **Plaintiff,**<br>    v.<br><br>JUDGE LEGROME D. DAVIS, JUDGE NORA BARRY FISCHER, JUDGE JAMES MUNLEY, PATRICK ROGAN, MARY D'ANDREA, KEVIN CALPIN, KATY NALEVANKO, MICHAEL COLLINS, AND DOES 1-5,<br><br>                         **Defendants.** | **MEMORANDUM OPINION GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL**<br><br>Case Number: 14-1889 |

On September 29, 2014, *pro se* Plaintiff Anthony P. Catanzaro filed this civil rights action against the following Defendants: the Honorable James M. Munley; the Honorable Nora Barry Fischer; the Honorable Legrome D. Davis; Operations Supervisor for the Clerk of Courts Kevin Calpin; Docket Clerk Specialist for the Clerk of Courts Katy Nalevanko; former Clerk of Courts for the Middle District of Pennsylvania Mary D'Andrea; Attorney Patrick Rogan; and Attorney Michael Collins. Defendants have moved to dismiss the Complaint. Having reviewed all relevant materials and legal authorities and finding Plaintiff's Complaint cannot withstand judicial scrutiny, the Court GRANTS Defendants' motion to dismiss. The Court's reasoning follows:

I.      LEGAL STANDARD FOR A MOTION TO DISMISS A *PRO SE* ACTION

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678.  When considering a motion to dismiss, courts must accept all well-pleaded material allegations as true and construe them in the light most favorable to the plaintiff.  *See id.; NL Indus. Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal,* 556 U.S. at 678 (conclusory allegations are "not entitled to be assumed true").

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations omitted).  Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

II.   BACKGROUND

A.   Previous Lawsuits

In 1997, Plaintiff was tried for "indirect criminal contempt" in the Lackawanna County Court of Common Pleas.  *See Catanzaro v. Collins,* 2010 WL 1754765, at *2 (M.D. Pa. Apr. 27, 2010) *aff'd*, 447 F. App'x 397 (3d Cir. 2011).  Defendant Patrick Rogan served as Plaintiff's court-appointed counsel.  Plaintiff was ultimately convicted and sentenced to nine months imprisonment.  Doc. No. 1 at 1.

After serving his sentence, Plaintiff retained Defendant Michael Collins to represent him in a civil suit on Plaintiff's behalf against Defendant Rogan and Lackawanna County officials.  On June 1, 1999, Defendant Collins filed a civil rights action against the Lackawanna County officials.  *Catanzaro v. County of Lackawanna, et. al*, 99-CV-876 (1999).  However, according to Plaintiff, Defendant Collins refused to name Defendant Rogan in the suit.  Therefore, Plaintiff filed a second suit *pro se* against Defendant Rogan and others.  *Catanzaro v. Carbondale Housing Authority,* 99-

CV-00874 (M.D. Pa. 1999). Doc. No. 1, 2-3. The second suit alleged, among other things, that Defendant Rogan violated Plaintiff's civil rights by providing ineffective assistance and by refusing to appeal the criminal conviction. *Id.* The Honorable James McClure, Jr., United States District Court Judge for the Middle District of Pennsylvania presided over these lawsuits, both of which were dismissed with prejudice in 2000.[1]

On May 17, 2007, Plaintiff read a news article which indicated that Defendant Rogan is the son-in-law of the Honorable James Munley, United States District Court Judge for the Middle District of Pennsylvania, a defendant in this case. Shortly after reading this article, Plaintiff filed his third complaint. *See Catanzaro v. Collins, et al.*, 2010 WL 1754765 (M.D. Pa. Apr. 27, 2010). This complaint alleged that Judge McClure, Defendant Collins, Defendant Rogan, and Defendant Judge Munley conspired together to "fix" the outcomes of Plaintiff's 1999 civil actions in order to shield Defendant Rogan from liability. (Doc. No. 1 at 2).[2] Defendant the Honorable Nora Barry Fischer, United States District Court Judge for the Western District of Pennsylvania, presided over the case. On April 27, 2010, Defendant Judge Fischer dismissed the claims against Defendants Collins, Rogan, and Judge Munley on the grounds that these claims were barred by the statute of limitations and failed to state a plausible claim for relief. *See Catanzaro v. Collins, et al.*, 2010 WL 1754765 (M.D. Pa. Apr. 27, 2010), *affd* 447 Fed. Appx. 397 (3d Cir. 2011). The court also held that Defendant Judge Munley was entitled to judicial immunity. *Id.*

---

[1] The first complaint was dismissed on March 8, 2000 for failure to state a claim; the second complaint was dismissed on July 26, 2000 on summary judgment. Both decisions were affirmed by the Court of Appeals. *See Catanzaro v. Carbondale Housing Authority, et al.,* 262 F.3d 403 (3d. Cir. 2001); *Catanzaro v. County of Lackawanna, et al.,* 262 F.3d 403 (3d Cir. 2001). The Supreme Court denied Plaintiff's petition for a writ of certiorari. *See Catanzaro v. Carbondale Housing Authority,* 535 U.S. 935 (2002).

[2] The complaint also alleged that Defendant Collin tried to protect Defendant Rogan by giving Plaintiff improper advice and by refusing to add Defendant Rogan to the complaint.

Immediately following the dismissal of the third complaint, Plaintiff filed a fourth complaint. The fourth complaint reiterated his previous allegations against Defendants Rogan, Collins, and Judge Munley; it also alleged that Defendant Judge Fischer was part of the same conspiracy to protect Defendant Rogan. *See Catanzaro v. Fischer et al.*, No. 12-862 (M.D. Pa. Sept. 30, 2013) *aff'd* 570 Fed. Appx 162 (3d Cir. 2014). Defendant the Honorable Legrome Davis, United States District Court Judge for the Eastern District of Pennsylvania, presided over this case. On September 30, 2013, Defendant Judge Davis entered an order dismissing Plaintiff's claims on several grounds: 1) Plaintiff failed to state a plausible claim for relief against any defendant; 2) all claims against Defendant Judge Munley were barred by the statute of limitations, the doctrine of judicial immunity, and the doctrine of *res judicata*; 3) all claims against Defendant Judge Fischer were barred by the doctrine of judicial immunity and the statute of limitations; and 4) all claims against Defendants Rogan and Collins were barred by the statute of limitations and the doctrine of *res judicata*. *Id*.

    B. <u>Plaintiff's Complaint</u>

On September 29, 2014, Plaintiff filed his fifth lawsuit. Doc. No. 1. The Complaint reiterates the same claims against Defendants Collins, Rogan, Judge Munley, and Judge Fischer. It also alleges that Defendant Judge Davis, Defendant Kevin Calpin, Operations Supervisor for the Clerk of Courts, Defendant Katy Nalevanko, Docket Clerk Specialist for the Clerk of Courts, and Mary D'Andrea, former Clerk of Courts for the Middle District of Pennsylvania, are part of the conspiracy. Specifically, the Complaint alleges that Defendant Judge Davis violated Plaintiff's rights by entering the September 30, 2013 order dismissing Plaintiff's fourth complaint and that Defendants Calpin, Nalevanko, D'Andrea violated Plaintiff's rights by refusing to grant a motion for default judgment Plaintiff filed during that case. Doc. No. 1 at 5.

C. <u>Procedural History in the Case Before the Court</u>

On June 15, 2015, Defendants moved to dismiss the Complaint. Under Local Rule 7.6, Plaintiff's opposition to the motion was due no later than June 29, 2015. On August 19, 2015, Plaintiff, citing health concerns, requested a twenty-day "extension" of time to file the opposition. Doc. No. 28. On August, 31, 2015, the Court granted Plaintiff's motion, holding that "Plaintiff shall respond to the Defendants' Motion to Dismiss by September 9, 2015 or risk dismissal of his lawsuit." Doc. No. 89. On September 8, 2015, Plaintiff submitted a motion to appoint counsel, averring that he is physically incapable of filing an opposition to the motion to dismiss due to his severe health issues. Doc. No. 30.

On September 10, 2015, this Court entered an order directing Plaintiff to respond to Defendants' motion to dismiss and extending the deadline to file that opposition to September 22, 2015. Doc. No. 32. On September 21, 2015, Plaintiff reiterated that he is physically incapable of writing an opposition brief and should be given appointed counsel. Doc. No. 34.

III.   PRELIMINARY RULINGS

A. <u>The Court Will Analyze the Merits of Plaintiff's Complaint</u>

When a plaintiff fails to file a timely opposition, courts generally treat the motion to dismiss as unopposed and dismiss the claim without conducting a merits analysis. *See Hollister v. U.S. Postal Serv.*, 142 F. App'x 576, 577 (3d Cir. 2005). However, where the plaintiff is *pro se* and has indicated on the record that he desires to oppose the motion, the Third Circuit has "expressed a preference for an assessment of the complaint on the merits . . . before concluding that the sanction of dismissal is warranted." *Xenos v. Hawbecker,* 441 F. App'x 128, 131 (3d Cir. 2011).

Despite receiving two extensions of time, Plaintiff has not filed an opposition to the motion to dismiss. However, Plaintiff did file a motion for appointment of counsel, requesting a court-

appointed attorney to write an opposition brief on his behalf. While filing a motion to appoint counsel does not stay the case or excuse a plaintiff from his obligation to comply with the court's deadlines, Plaintiff's motion to appoint counsel clearly indicates that he wishes to oppose the motion to dismiss. *See Hollister*, 142 F. App'x at 577. Accordingly, the Court will examine the Complaint.

B. Doe Defendants 1-5 Are Dismissed

Plaintiff has named five Doe Defendants to this action. A plaintiff may name a fictitious defendant to an action, provided his allegations state a potential cause of action and he has demonstrated that he may be able to determine the defendant's identity during discovery. *Abels v. State Farm Fire & Cas. Co.,* 770 F.2d 26, 31–32 (3d Cir.1985). Plaintiff, however, has failed to demonstrate any likelihood that he will be able to identify unnamed individuals against whom he can state a claim. Therefore, the Court will dismiss the Doe Defendants.

IV. ALL CLAIMS AGAINST DEFENDANTS ROGAN, COLLINS, JUDGE MUNLEY, AND JUDGE FISCHER ARE BARRED BY THE DOCTRINE OF *RES JUDICATA*

The doctrine of *res judicata* bars the re-litigation of matters that have been previously adjudicated. *Edmundson v. Borough of Kennett Square,* 4 F.3d 186, 189 (3d Cir. 1993); *See also Williams v. Lehigh Cty. Dep't of Corr.*, 19 F. Supp. 2d 409, 411 (E.D. Pa. 1998). A matter is deemed previously adjudicated where there is: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or those in privity with them, and (3) a subsequent suit based on the same cause of action.*" Equal Employment Opportunity Commission*, 921 F.2d 489, 493 (3d Cir. 1990); *Douris v. Schweiker*, 229 F. Supp. 2d 391, 400 (E.D. Pa. 2002) *aff'd sub nom. Douris v. Rendell*, 100 F. App'x 126 (3d Cir. 2004).

Defendants assert that the claims against Defendants Rogan, Collins, Judge Munley and Judge Fischer have been previously adjudicated and, therefore, should be dismissed. According

to Defendants, courts have already dismissed two identical cases against Defendants Rogan, Collins, and Judge Munley, and one identical case against Judge Fischer. Defendants are correct.

In *Catanzaro v. Collins, et al*., 2010 WL 1754765 (M.D. Pa. Apr. 27, 2010), Plaintiff alleged that Defendants Rogan, Collins, and Judge Munley conspired with other court officers to "fix" the outcome of Plaintiff's civil cases and, in doing so, violated his Fourth, Fifth, and Fourteenth Amendment rights. He further alleged that Defendant Rogan violated his rights by intentionally providing ineffective assistance. On April 27, 2010, Defendant Judge Fischer dismissed the claims against all three defendants with prejudice.

In *Catanzaro v. Fischer et al*., No. 12-862 (M.D. Pa. Sept. 30, 2013), Plaintiff reiterated his allegations against Defendants Rogan, Collins, and Judge Munley, and further alleged that Defendant Judge Fischer was part of this same conspiracy. On September 30, 2013, Judge Davis entered an order dismissing the claims against Defendants Rogan, Collins, and Judge Munley on *res judicata* grounds. The court also dismissed the claims against Defendant Judge Fischer on the grounds that she was entitled to judicial immunity.

Plaintiff's current Complaint presents precisely the same allegations against Defendants Rogan, Collins, Judge Munley, and Judge Fischer: They conspired to "fix" the outcomes of Plaintiff's civil cases, in violation of his Fourth, Fifth, and Fourteenth Amendment rights. Accordingly, all claims against these defendants have already been adjudicated and must be dismissed with prejudice.

V.     ALL CLAIMS AGAINST JUDGE DAVIS ARE BARRED BY THE DOCTRINE OF JUDICIAL IMMMUNITY

Judges are entitled absolute immunity from suit with respect to all actions taken in their roles as judges. *See, e.g. Cleavinger v. Saxner*, 474 U.S. 193 (1985); *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *Kwasnik v. LeBlon*, 228 F. App'x 238, 244 (3d Cir. 2007); *Figueroa v.*

*Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000) (quotations and citations omitted). Such immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Cleavinger*, 474 U.S. at 199-200. That is to say, a judge is immune from suit even in cases where the plaintiff has alleged "bad faith," provided her actions are judicial in nature. *Stump v. Sparkman,* 435 U.S. 349, 359 (1978); *Gallas v. Supreme Court of Pennsylvania*, 211 F.3d 760, 768 (3d Cir. 2000); *see also Bey v. Bruey*, No. CIV.09-1092(JBS), 2009 WL 961411, at *3 (D.N.J. Apr. 8, 2009) ("Allegations that actions were undertaken with an improper motive diminish neither their character as judicial actions nor the judge's immunity.").

Plaintiff alleges that Defendant Judge Davis violated his constitutional rights by entering the "final authoritative 'ORDER' dismissing" Plaintiff's fourth case. Doc. No. 1 at 4. There is perhaps no act more judicial in nature than the entering of an order. Defendant Judge Davis is clearly entitled to judicial immunity.

VI. ALL CLAIMS AGAINST DEFENDANTS D'ANDREA, CALPIN AND NALEVANKO ARE BARRED BY THE DOCTRINE OF QUASI-JUDICIAL IMMMUNITY

Courts have expanded the judicial immunity doctrine to also include quasi-judicial officials. *See Hughes v. Long*, 242 F.3d 121 (3d Cir. 2001); *Byers & Anderson, Inc.,* 508 U.S. 429, 436 (1993) (citations omitted). A party is considered a quasi-judicial official when he or she performs "tasks that are an integral part of the judicial process." *See, e.g. Atkins v. Deptford Twp.,* 813 F. Supp. 1098, 1102–03 (D.N.J.), *aff'd,* 995 F.2d 215 (3d Cir.); *Stewart v. Evans*, 2009 WL 2707540 (M.D. Pa. Aug. 25, 2009).

The Complaint alleges that Defendant Mary D'Andrea, Clerk of Courts for the Middle District of Pennsylvania, Kevin Calpin, the Operations Supervisor for the Clerk of Courts, and Defendant Katy Nalevanko, the Docket Clerk Specialist for the Clerk of Courts, violated Plaintiff's

constitutional rights by refusing to enter default judgment against Defendant Collins during the fourth lawsuit. *See Catanzaro v. Fischer et al.*, No. 12-862 (M.D. Pa. Sept. 30, 2013) *aff'd* 570 Fed. Appx 162 (3d Cir. 2014).

It is well-established that a clerk's role in handling a request for default is an "integral part of the judicial process" and, therefore, is protected by the doctrine of quasi-judicial immunity. *See Bey v. Bruey*, 2009 WL 961411, at *3 (D.N.J. Apr. 8, 2009); *Rodriguez v. Weprin,* 116 F.3d 62, 66 (2d Cir.1997) ("[C]ourt's inherent power to control its docket is part of its function of resolving disputes between parties. This is a function for which judges and their supporting staff are afforded absolute immunity."); *Fischer v. United States,* 2003 WL 21262103, *4–*5 (C.D.Cal.2003) (finding that court clerks were immune from claims that they had obstructed justice and encouraged organized crime by not entering defaults). Accordingly, Defendants D'Andrea, Calpin and Nalevanko are entitled to quasi-judicial immunity.

VII. PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM AGAINST DEFENDANTS

But Plaintiff's claims have more problems; they fail to state a plausible claim for relief. Plaintiff's allegations against Defendants are premised on one unsupported supposition: Several judges, attorneys, and court officials entered into a conspiracy to violate Plaintiff's constitutional rights so that they could protect Defendant Rogan from civil liability.

On a motion to dismiss, the Court must accept all well-pleaded allegations as true and construe them in the light most favorable to the plaintiff. *Iqbal*, 556 U.S. at 681. However, conclusory allegations and blanket assertions are "not entitled to be assumed true." *Id.*; *NL Indus. Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Rather, the complaint must provide "enough fact[ual allegations] to raise a reasonable expectation that discovery will reveal

9

evidence of [an] illegal agreement." *Twombly*, 550 U.S. at 556 (allegations must be reasonably specific in order to "nudge . . . claims across the line from conceivable to plausible"). "Put another way . . . [Federal Rule of Civil Procedure] 8(a)(2) requires a 'showing' rather than a blanket assertion of an entitlement to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008).

Here, Plaintiff offers nothing in support of his theory other than his own speculation that these defendants must have "fixed" his cases because Defendant Rogan was related to a federal judge. Plaintiff provides no evidence of any agreement or communication between any of the defendants regarding Plaintiff's cases. Accordingly, the Court finds that this supposition is insufficient to "nudge" Plaintiff's assertions "across the line from conceivable to plausible" and are insufficient to state a claim. *Twombly*, 550 U.S. at 556; *see Iqbal,* 556 U.S. at 678 ("Factual allegations must be enough to raise a right to relief above the speculative.").

VIII.   CLAIMS AGAINST DEFENDANTS ROGAN, COLLINS, AND D'ANDREA ARE DISMISSED *SUA SPONTE*

The Court notes and the record reflects that Plaintiff failed to supply the Marshals with a proper address for Defendants Rogan, Collins, and D'Andrea. Doc. Nos. 10, 11, 12, 13. Accordingly, Defendants Rogan, Collins, and D'Andrea have not been served and have not moved for dismissal. However, as discussed above, the claims against these defendants are clearly barred by the doctrines of *res judicate* and judicial immunity. Since waiting for service and motions to dismiss from these defendants would prove a waste of judicial resources, the Court dismisses these claims *sua sponte*. *See Bethea v. Nation of Islam*, 248 F. App'x 331, 332 (3d Cir. 2007) (court may dismiss frivolous actions *sua sponte*).

### IX. PLAINTIFF'S MOTION TO APPOINT COUNSEL IS DENIED

Plaintiff seeks court-appointed counsel on the grounds that he is physically incapable of pursuing his case. A district court has the "broad discretion" "to request an attorney to represent any person unable to afford counsel." 28 U.S .C. § 1915(e)(1). In exercising this discretionary authority, however, the Court must first determine if the "plaintiff's claim has arguable merit in fact and law . . ." *Tabron v. Grace,* 6 F.3d 147, 155 (3d Cir.1993); *Rummel v. Lewisburg Police*, 2014 WL 7359390, at *2 (M.D. Pa. Dec. 23, 2014). If the complaint possesses no arguable merit, i.e. should clearly be dismissed, then the court should deny the motion to appoint counsel. *Id*.

As discussed above, Plaintiff's claims lack any arguable merit. Therefore, the motion to appoint counsel is denied.

### X. CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss will be GRANTED and all claims against Defendants Judge Fischer, Judge Davis, Judge Munley, Collins, Rogan, Calpin, Nalevanko, D'Andrea, and Does 1-5 are DISMISSED. An appropriate order follows.

_____
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE